Gaston CORNU–LABAT,
Plaintiff–Appellant,

v.

Mehdi MERRED, an individual; Thom-
as Clark; Eric Bakke, individually
and in his official capacities as a po-
lice officer; City of Quincy; Grant
County Sheriffs Office; Grant Coun-
ty, Defendants–Appellees.

No. 13–35158.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 2014.

Filed June 24, 2014.

Keith P. Scully, Derek Linke, Du Wors
LLP, Seattle, WA, for Plaintiff–Appellant.

Paul S. Kube, Ogden Murphy Wallace
PLLC, Wenatchee, WA, Jerry J. Moberg,
Patrick Ross Moberg, Jerry Moberg ·&
Associates, Ephrata, WA, Michael Early
McFarland, Jr., Evans, Craven & Lackie,
P.S., Spokane, WA, for Defendants–Appel-
lees.

Before: McKEOWN and WATFORD,
Circuit Judges, and ROTHSTEIN, Senior
District Judge.[*]

**MEMORANDUM[**]**

Gaston Cornu–Labat appeals the district
court's summary judgment in favor of

[*] The Honorable Barbara Jacobs Rothstein,
Senior District Judge for the U.S. District
Court for the Western District of Washington,
sitting by designation.

Mehdi Merred, police officers Eric Bakke
and Thomas Clark, the City of Quincy, and
Grant County. We have jurisdiction pur-
suant to 28 U.S.C. § 1291, and we affirm.

Cornu–Labat's claims of outrage, defa-
mation, and false light against Merred fail
because Merred is immune from civil lia-
bility under Washington's anti-SLAPP
statute, Wash. Rev.Code Ann. ("RCW")
§ 4.24.510. Merred's calls to law enforce-
ment and school employees were "reason-
ably of concern" to both, for law enforce-
ment to enforce the protection order and
for the school to ensure the safety of its
students. RCW § 4.24.510; see Bailey v.
State, 147 Wash.App. 251, 191 P.3d 1285,
1287 (2008). Washington law does not re-
quire good faith on the part of Merred to
receive this statutory protection. See
Phoenix Trading, Inc. v. Loops LLC, 732
F.3d 936, 942 (9th Cir.2013) (providing that
RCW § 4.24.510 does not include a good
faith requirement); Bailey, 191 P.3d at
1290–91 (holding that the good faith refer-
ence in the anti-SLAPP statute's purpose
section is trumped by the statute's more
specific provision setting out requirements
for receiving immunity).

Cornu–Labat's claims against Officers
Bakke and Clark and the City of Quincy
under 42 U.S.C. § 1983, based on an al-
leged Fourth Amendment violation, and
for false arrest, false imprisonment, mali-
cious prosecution, and negligence, also fall
short. The officers had probable cause to
arrest Cornu–Labat. They relied on "rea-
sonably trustworthy information"—the 911
dispatcher's description, the Spillman com-
puter report of the protection order, and
their in-person conversation with Alexa
Merred—"sufficient to warrant a prudent

[**] This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

person in believing" that Cornu–Labat had violated the protection order. *Rohde v. City of Roseburg,* 137 F.3d 1142, 1144 (9th Cir.1998) (internal quotation marks omitted). Probable cause defeats Cornu–Labat's § 1983, false arrest, false imprisonment, and malicious prosecution claims.[1] *See id.* at 1143–44 (requiring a lack of probable cause to determine that a false arrest occurred under § 1983); *Hanson v. City of Snohomish,* 121 Wash.2d 552, 852 P.2d 295, 298, 301 (1993) (recognizing that probable cause is a complete defense to claims of malicious prosecution, false arrest, and false imprisonment under Washington law). Cornu–Labat also fails to raise a genuine issue of material fact as to whether the City of Quincy had a "policy or custom" that served as the "moving force" behind an alleged Fourth Amendment violation. *Monell v. Dep't of Soc. Servc. of City of New York,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Cornu–Labat's § 1983 and negligence claims against Grant County fare no better. Because the police officers had probable cause to arrest Cornu–Labat, he was not deprived of any constitutional right due to Grant County's actions or customs, nor was Grant County an "integral participant" in committing the alleged violation. *See Mabe v. San Bernardino Cnty., Dep't of Public Soc. Servc.,* 237 F.3d 1101, 1110–11 (9th Cir.2001); *Hopkins v. Bonvicino,* 573 F.3d 752, 769–70 (9th Cir.2009) (internal quotation marks omitted). Given that probable cause for the arrest existed, the record does not support Cornu–Labat's assertion that Grant County's use of the Spillman computer system was the "but for" or legal cause of his arrest. *See Joyce v. State, Dep't of Corr.,* 155 Wash.2d 306, 119 P.3d 825, 833–34 (2005).

Cornu–Labat's defamation claim fails to identify a provably false statement or publication made by Grant County, the City of Quincy, or Officers Bakke and Clark. *See Duc Tan v. Le,* 177 Wash.2d 649, 300 P.3d 356, 363 (2013). As with defamation, "false light claims require a showing of falsity and knowledge of, or reckless disregard for that falsity." *Corey v. Pierce Cnty.,* 154 Wash.App. 752, 225 P.3d 367, 373 (2010). Thus both claims fall together.

Finally, Cornu–Labat argues that a jury must decide whether the defendants' actions were outrageous. Although the elements of outrage "are generally factual questions for the jury," a district court may grant summary judgment if "reasonable minds could [not] differ on whether the conduct was sufficiently extreme to result in liability." *Strong v. Terrell,* 147 Wash.App. 376, 195 P.3d 977, 981–82 (2008). Grant County's use of a pre-set field for inputting temporary protection order information into the National Crime Center Information database and the officers' use of that database did not exceed "all possible bounds of decency." *Grimsby v. Samson,* 85 Wash.2d 52, 530 P.2d 291, 295 (1975).

**AFFIRMED.**

---

1. Because of our probable cause determination, we need not reach the question of whether the officers had qualified immunity.